ORIGINAL



FILED

APR 03 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Marshall Samuel Sanders
1621 Kensing Lane
Santa Ana, CA 92705-3074
Tel./Fax: (714) 665-8012
Cell/Text: (714) 457-6276
E-mail: marshallssanders@yahoo.com

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In Re:

      Marshall Samuel Sanders,

      Debtor and Debtor-in-Possession,

| | |
|---|---|
| Marshall Samuel Sanders, | Bankruptcy Case No.: 8:14-bk-11663-EAS |
|       Plaintiff, | Adversary Proceeding<br>Case No.: 8:14-ap-01109-EAS |
|       vs. | AMENDED  COMPLAINT |
| Bank of America, PNC Bank, Pite Duncan, | |
| and Does 1-1000, | |
|       Defendants. | |

PNC Bank/Mortgage (whom Debtor denies is his creditor or a real party in interest with requisite

constitutional standing) has informed Debtor that it or its representative(s) [Pite Duncan] will

immediately motion this court for relief from the Automatic Stay. Thus the instant Complaint.

Debtor is one of the Trustees of the Trust which has an interest in the real property located within

this judicial district and which property is at the heart of the instant complaint. The complete

legal description is just now available by way of a new preliminary title report taken down to

today's date. It is this and only this legal description that the court can trust as accurate, because

previous representations of NOT the real party(ies) in interest have proffered up erroneous legal

descriptions, and had the NOT real party in interest "successfully" foreclosed once the stay had been lifted, such "real party in interest" would have foreclosed someone else's property.

Distilled, the essential facts are:

1.    Debtor is for all intents and purposes the owner of the single-family residence located at 2041 Iroquois, Tustin (Orange County), California 92782-8313, Assessor's Parcel No. 500-207-18.

2.    The fair market value of the property is within the broad range of $350,000 to $550,000 with the outside possibility in an exceptional market (which would appear to be now) of $600,000 or more. An exact model match exactly three (3) "doors" removed sold over one year ago (when the market was yet cool) the day following its being listed for sale with a local licensed real estate broker, for $595,000. In the year following, the market has heated up very substantially and listings in the Tustin Ranch area do not need to be posted to the Multiple Listing Service ("MLS") because they can be sold quicker than the time it takes to enter the information into the MLS system to buyers pent up and waiting for a call from their real estate agent, and these same buyers will buy sight unseen, and this phenomenon results in properties coming onto the market being subject to a flurry of offers well in excess of asking price. This state of affairs means that there is no impairment of the NOT real party in interest having "their" purported security interest impaired, since the "debt" is about $300, 000 and the instant realizable sale proceeds after all reasonable expenses are more than 100 percent over the debt, or about $600,000, or more, even much more, depending on the excitement a potential sale would generate.

3.    There are no cash collateral issues since the underlying Deed of Trust is a standard residential mortgage, not a commercial one, and the mortgage in question is not subject to assignment of rent(s), as would be the case if this were a commercial real estate mortgage which it most definitely is NOT.

4.      A brief time line: June 2003: Debtor refinances with United Commonwealth Mortgage for $356,500. The Deed of Trust is duly recorded in the office of the County Recorder of Orange County California.

5.      All payments were made on time up throughout the life of the mortgage.

6.      Debtor vehemently denies that this mortgage is in default.

7.      Debtor is in no other way in breach of the mortgage contract.

8.      Beginning about mid-2008, Debtor made contact with United Commonwealth which by now purportedly became National City Mortgage, though Debtor had no evidence thereof. Debtor informed Creditor that Debtor was experiencing serious and catastrophic personal and family medical issues and financial setbacks and sought a loan modification.

9.      Debtor was informed that NO LOAN MODIFICATION would be considered because Debtor must be in default, and Debtor was not in default.

10.     By literally not eating and eliminating every conceivable expense, for as long as Debtor could, Debtor mustered the ongoing regular monthly mortgage payments of principal and interest of $2108.84, and kept property taxes, insurance, homeowner association dues, and other costs and expenses paid as pertains to upkeep of the property, up through and including the October 2009 regularly scheduled mortgage payment. So, far about one (1) year and several months, Debtor continued to keep the mortgage current.

11.     During this time Debtor made numerous telephone calls to "lender/servicer" and requested a loan modification "package" or other available help. Up through and including the months of October, November, December 2009, and then into 2010, January and February, National City Mortgage ("NCM"), and later PNC Bank/Mortgage ("PNC") refused any assistance based upon their position that they could not assist until the loan was in default. EXACTLY what they stated was that the loan must be 90 days of more delinquent in order for the loan to be in default and thus a loan modification could be considered. "Could" is the operable word here, for NCM/PNC representatives made clear that a loan modification is charity and that the bank is a profit-making concern. That was the beginning of 2010, about four (4) years ago.

12.     Debtor paid $2108.84, the October 2009 regular mortgage payment timely, however, the payment (according to the 2010 year end 1098 mortgage interest statement provided to Debtor by "lender/servicer") showed clearly that the Octorber 2009 mortgage payment was held AND NOT APPLIED to the mortgage loan. Officially, internally, NCM (now reporting as PNC;  and thus, hereafter, PNC will be used and not NCM), the regular mortgage payment received by PNC was HELD IN SUSPENSE. The payment was not posted to the mortgage account until February 2010, which meant that NOW the loan WAS in default and that for a period of 150 to 180 days, depending upon mortgage servicing convention (differs from servicer to servicer and is wholly proprietary information that Debtor is not privy to), thus a range only can be provided here.

13.     So what does all this mean? Well, NOW, Debtor was offcially in default and entitled to consideration for a loan modification or other assistance. HOWEVER, the purported transition of the lender/servicer from NCM to PNC was NOT seamless but fraught with erratic and unexplainable difficulties in getting a customer service representative to help.

14.     Debtor took and takes the position that he was NOT in default but for the lender/servicer exercising unfettered discretion to unilaterally (and unlawfully) FORCE borrower into default. Then, with borrower in default, lender/servicer did nothing to assist borrower, except to initiate foreclosure, even going as far as seeking and obtaining stay relief in Debtor's Chapter 7 bankruptcy, a few years back.

15.     Debtor's position now is that Debtor has duly applied for a loan modification, but not once has debtor received a "decision." Debtor believes that such is a violation of the California Homeowner Bill of Rights.

16.     Further, Debtor's home continues to be subject to foreclosure sale (auction) and as recently as March 20, 2014, Debtor's home was to be auctioned and would have been auctioned but for the filing of the instant bankruptcy. IT WAS NEVER DEBTOR'S INTNENTION TO FILE ANOTHER BANKRUPTCY BUT PNC/NOW BANK OF AMERICA WAS RELENTLESS IN NOT CONSIDERING DEBTOR'S LOAN MODIFICATION FOR ONE EXCUSE OR ANOTHER AND NOTHING SEEMED TO PERSUADE THEM THAT A LOAN

MODIFICATION HAD BEEN LAWFULLY REQUESTED, A COMPLETE LOAN
MODIFICATION PACKAGE.

17.      So, for Pite Duncan or any other purported "bank" counsel to come before the court with
official authority of a high-level executive of Bank of America (and even so, BOA is not a real
party in interest), is a sham upon this court, or, a connivance to seek a do-over if Bank of
America needs one by simply denying counsel's authority to represent BOA, an "act" that has
become a hallmark of pretender-lenders nationwide, but particularly in bankruptcy courts. Since
Debtor is not going to get a do-over, why should Bank of America get one? Who exactly does
Bank of America think it is—God!

18.      For all the reasons above and more below, Debtor requests that the court deny any motion
for relief from stay on any grounds herein presented or on the court's own motion, *sua sponte.*

STATEMENT OF FACTS

The Debtor is first compelled to address and correct one of many misstatements of opposing
counsel, Pite Duncan, purportedly representing, and claiming to represent, Bank of America (of
course most disingenuously in that if they lose Bank of America will disavow any apparent
authority Pite Duncan had (with Pite Duncan's acquiesence if it ever expects to get any business
again from Bank of America) to represent Bank of America): essentially a do-over with NEW
counsel, in that the Debtor is not in a position to know with any degree of certainty the identity
of the owner and holder of the Debtor's note, instead the Debtor called Bank of America's
inconsistencies and fraudulent documents to the attention of the Court and the US Trustee and
prior Chapter 7 Trustee in good faith that the integrity of the judicial process will be protected by
those in a position to do so. The Debtor leaves it to the purported creditor to prove its standing.
In his Objection to Relief from Stay (anticipated but not yet filed, so far as can be determined,
yet anticipated, even as an emergency ex parte, which Debtor decries and would expect that this
court will not allow an ex parte to go forward without notice and opportunity to be heard

provided to Debtor, inasmuch as Debtor has provided all parties with multiple means of
contact/notice "if" contact is genuinely sought), Debtor objects to Bank of America because
Bank ot America is not a real party in interest but a mere interloper that has paid no consideration
for a purported assignment from PNC which Debtor asserts is void ab initio, as neither party is a
real party in interest, thus lacks standing to bring any "claim." In a previous court appearance,
Counsel Eric J. Testan, in a Motion for Relief from Stay, claimed that United Commonwealth
Mortgage was the foreclosing entity, yet provided no evidence thereof, to which the court
granted relief from stay, and this motion was made  prior to even a Notice of Default.
THE REASON, AND DEBTOR BELIEVES THE COURT SHOULD TAKE JUDICIAL
NOTICE THEREOF, THAT ATTORNEY TESTAN/UCM/NCM FAILED TO RECORD A
NOTICE OF DEFAULT WAS BECUASE DETBOR HEREIN WAS NOT, HAD NOT, AND
NEVER WAS ***IN DEFAULT***! Such sharp practice ought to be sanctioned by the court as an
affront to the dignity of the court. Instead the comment from the bench was, "There is no Notice
of Default.," to which attorney Eric J. Testan, Pite Duncan (no longer with the foreclosure mill)
replied, "I don;'t know." So, the issue here is whether "bank" counsel gets a free pass to play
dumb at the expense of Debtor homeowner being foreclosed and evicted or does "bank" get held
to the high standard it ought to be held to and counsel for "bank" as an officer of the court held to
an even higher standard, and not permitted to get a do-over for their "client" which is only a
client for so long as client is winning, otherwise, counsel will be dumped as having no authority
and counsel will meekly "walk" until "bank" hires new counsel and gets their do-over at Debtor's
and the court's/public's/taxpayer's expense. There clealy is one "rule" for pro se's and another for
"banks" which are not banks but pretender lenders, meaning they want you to believe that they
have lent their own money when in fact they have not lent a dime of their own or anyone else's
money. Such is the sham that is played out daily in courts nationwide with few exceptions, e.g.,
the New York Court of Arthur Shack, where "banks" leave court "on fire" and their counsel in a
hair's breath from jail or in jail.

Debtor is entitled to ordered discovery of the original note inasmuch as this is an Adversary Proceeding governed by rules of evidence and not a summary proceeding or a "railroad" leading to Debtor's dismissal on any pretext or granting of a motion for relief from stay/motion to dismiss and immediate foreclosure and eviction, absent Due Process.

To date, despite all the statements and untruths told to this court by Bank of America and its "attorneys," there is no servicing agreement offered to support their latest contentions and nothing is attached to any response/previous submission/prior proof of claim or anything else, only a curious single page "Assignment of Mortgage" which the Debtor maintains to be a fraudulent document purporting to transfer the beneficial interest in the Deed of Trust from some "successor" to United Commonwealth Mortgage/National City Mortgage/PNC Mortgage to Bank of America, and this while the Automatic Stay of bankruptcy was in effect and no relief from stay in that particular case had been sought nor granted, a clear violation of the Automatic Stay and this alone would render the purported assignment void ab initio, even if the document was not fabricated and forged for the sole purpose of foreclosing/auctioning Debtor's real property, and evicting Debtor.

Furthermore, opposing counsel Eric J. Testan, Pite Duncan, attested to the copy of the note provided in the original Motion for Relief From Stay bearing no indorsement from PNC to Bank of America which contradicts new assertions that the note is owned by Bank of America as an "investor." The Debtor avers that opposing counsel has not personally examined the original note and made the affirmation without conducting any due diligence. To be perfectly clear, the Debtor avers that opposing counsel's affirmation to the Court is false. "Oh what a tangled web we weave, when first we practice to deceive!" Sir Walter Scott, Marmion, Canto vi. Stanza 17

2.     The fact remains that if Bank of America owns the Debtors note, as opposing counsel now insists, and if the indorsement magically should appear on a separate paper from the note or as an allonge affixed thereto and as attached to the Motion for Relief From Stay, is cannot be authentic, and then it necessarily follows that the note must have been further negotiated from PNC to Bank of America and both a further endorsement on the note and a correlating purchase agreement would exist, BUT NONE DOES, or at least none has been proferred YET.

3.   The fact also remains that under the Office of the Comptroller of the Currency and other banking regulator guidelines, notes are required to be indorsed in blank. Opposing counsel apparently either made his affirmation overlooking the obvious or he didn't bother to question his client's troublesome documents. The Debtor further avers that there is a fee involved charged to the requesting party whenever a request is made for the transfer of original loan documents from a document custodian, perhaps the fee involved was more than the truth was worth.

4. Debtor requests that the court take judicial notice of Proof of Claim No. 15 filed by Bank of America through counsel Pite Duncan, Casey J. O'Donnell, in which, unlike the exact same proof of claim immediately preceeding, claim no. 14, filed by PNC, numerous red ink "redacted" imprints are strewn across the Note and Deed of Trust, presumably to give foreclosure mill attorney Casey J. O'Donnell time to fabricate an allonge and affix it to the face of the document. But unfortunately for Bank of America and their foreclosure mill attorneys at Pite Duncan, PNC undercut that possibility by mistakenly (apparently) filing the exact same proof of claim (Claim No. 14 in a prior bankrutpcy) WITHOUT REDACTIONS. NOW, it would be easy to spot "add on" lately allonges and the like, barring some trick not previously tried on the court.

5.  In tangling a seemingly unending web of deceit opposing counsel attested in his prior relief from stay as to the truth and accuracy of the copy of the note and the copy of an indorsement presented in the  original Motion for Relief from Stay. It stands to reason that under FRBP Rule 9011 the only way for opposing counsel to make such a claim to this court is to have personally examined the original note and any indorsements thereon. It is a violation of 9011(b) (3) to make false representations to the court when there is no evidentiary support for the allegations. The

Debtor avers that opposing counsel did not personally inspect the note as even the most basic form of due diligence requires especially in light of the issue being raised by the Debtor. The Debtor further avers that opposing counsel, if he is in possession of the original Note, never so much as picked up a phone to invite the Debtor's inspection of the documents despite the Debtor's clear demand in prior papers.

Insofar as Bank of America admits its deception of holding itself out as the owner and holder and now has the audacity to request the Court overlook its fraud and allow it to amend and to the extent the Court is inclined to permit such amendment, the Debtor reserves his right to object to any proper motion to amend, PARTICULARY ANY EMERGENCY EX PARTE MOTION.

Under the immediate circumstances, however, the Debtor requests the Court DENY the pending motion with all of the fraud it presents and award sanctions to the Debtor.

3.      In a case with a near identical fact pattern currently pending in Federal Court in Boston

before the Honorable Federal Judge Louis Tauro; **Erichsen v. Wells Fargo Home Mortgage, et al Case No. 10-11123-JLT,** the Judge of the Federal District Court directed counsel for the Plaintiff debtor to go to Minnesota where Freddie Mac Notes are stored in vaults and personally inspect the original Note for additional indorsements and to report back as to whether the note maintained by the custodian is identical to the note bearing only one specific indorsement to Wells Fargo as was presented to the Court.

Counsel for Wells Fargo adamantly in open court insisted the copy provided to the court was an exact copy of the original.

**[Incidentally, a few days after the directive of Hon. Judge Tauro, counsel for Wells Fargo in the Erichsen case revealed to the Plaintiff's counsel, that there are further**

**indorsements and the original document taken from the vault is not identical to the**

**copy of the note produced by Wells Fargo in the Court proceeding. There seems no**

**end to the untruths Wells Fargo and its attorneys are willing to tell a Federal Court]**

Judge Tauro directed that if the original Note bears further endorsements, the parties will

reconvene for a hearing on sanctions. The Debtor in the instant case requests this court so

direct the parties in the same manner as did Judge Tauro.

6. To address the absurd logic of Bank of America and its attorneys, the Debtor maintains his

position that the assignment of mortgage presented to this court is a fraudulent document.

It is as insulting as it is a further violation of FRBP Rule 9011 for opposing counsel to

continue to advocate for the veracity of the document because the signature date is the

same as the notary date ignoring the substance of the document the blant

inconsistency

in the document itself and purpose for which it was presented to this Court. *"This theory*

*calls to mind the venerable maxim "nemo dat quod non habet," i.e., one cannot give*

*what one does not have.* See Mitchell v. Hawley, 83 U.S. 544, 550 (1872); Chase v.

Sanborn, 5 F. Cas. 521, 523 (Clifford, Circuit Justice, C.C.D.N.H. 1874) (No. 2,628). The

Debtor's Note and Mortgage originated June 17, 2003, many years prior to the forged

and fabricated assignment being "executed." The assignment effectively transferred

nothing on August 27, 2012, the date purportedly signed nor August 30, 2012, the date

of recordation. **Still, this bogus assignment of mortgage is presented to this court calling into**

**question the integrity of the entire bankruptcy system upon which this debtor, the U.S. Trustee (the prior Chapter 7 Trustee, John Wolfe) and all other creditors are relying.** The Debtor avers that the overt act of filing false documents with the Court is deserving of sanctions, **it is well known that Bank of America entered into a settlement agreement with 49 State Attorneys General to end the practice of false notarizations, bogus documents and robosigning.**

**Yet in the case at bar, Bank of America and its "attorneys" continue with business as usual.**

7. Insofar as Bank of America admits its deception of holding itself out as the owner and holder and now has the audacity to request the Court overlook its fraud and allow it to amend and to the extent the Court is inclined to permit such amendment, the Debtor reserves his right to object to any proper motion to amend, particularly any emergency or non-emergency ex parte motion.

8. Under the immediate circumstances, however, **the Debtor requests the Court DENY**

**the pending motion with all of the fraud it presents and award sanctions to the Debtor.** This is not a case where Bank of America presented an alternate theory of recovery or

was ambiguous from the start, instead it affirmatively held itself out to be something it is not and when it got caught by an astute Debtor, Bank of America **and its**

**attorneys attempted to withdraw the Motion for Relief from Stay without following the clear requirement of FRBP Rile 7041** (ie., either obtain consent of the Debtor or by

filing a motion to obtain an order) and caused the debtor further harm as he must necessarily react by filing a Motion to Strike. **Bank of America and its lawyers presented a fabricated**

1   story in its prior and much anticipated current (in progress according to PNC)

2   **Motion for Relief from Stay and manufactured documents to support the untruth**

3   **and submitted all of it under oath hoping -or perhaps assuming - that this Court,**

4   **the debtor and all interested parties would be none the wiser.** The Debtor surmises

5   that the only purpose for even filing a Motion for Relief from Stay in an otherwise plain

6   vanilla chapter 7  prior case where such a motion does not free the creditor from the

7   constraints of the automatic stay any sooner than if the case closed though its natural

8   course of otherwise uncontested proceedings, would be to generate legal fees which

9   are then passed on to the "investor," per investor guidelines, and simultaneously tacking

10  on legal fees to the Debtor's mortgage balance. That balance has skyrocketed from

11  about $250,000 to now a claimed (by Bank of America/PNC) of nearly $500,000,

12  DOUBLE! Nice attorney's fees "if" some unsuspecting homeowner is victimized, as

13  much by the "bank" as by its foreclosure mill attorneys.

14  **LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND**

15  **FRAUD ON THE COURT**

16  9. The Debtor avers that the "Assignment of Mortgage" presented by Bank of America

17  and its attorneys is a fraudulent document intended to bolster the claim of Bank of

18  America as the real party in interest. **The court may take judicial notice that the**

19  **assignment is executed by an individual in Ohio employed by PNC while**

20  **magically on the same day in San Diego the same individual appeared in front of**

21  **a notary to have her signature notarized...some feat if you can pull it off. Thus the**

22  **assignment is a nullity as it is NOT notarized and could not have been notarized**

23  **as it purports, at least not lawfully. Again, the assignment is a nullity at best.** To

24  the extent Bank of America and its attorneys argue that an assignment is not necessary,

25  it leaves one to guess why it is submitted to this Court under penalty of perjury and why

26  it is recorded on the land records. **It is a felony in the state of California to offer a**

27  **false document for recording on the land records.** (See: California Penal Law

28  "Offenses

Involving False Written Statements," "Offering a False Instrument For Filing In The First Degree.")

*"If the document is not what it purports to be, it may constitute a crime in this state. In*

*any event, the Debtor avers that the Motion must be denied in light of the purported*

*false document presented to this Court."*

**Bank of America does not represent itself to the court to be a servicer acting on behalf of**

**a secured creditor and instead is holding itself out to be the real party in interest.** That Bank of America sloppily attempts to portray itself as the real party in interest when in fact it is at best a servicer and has failed to provide verification of its status and relationship, if any, to this case.

10. A federal Court cannot have jurisdiction unless a party has constitutional standing. The creditor fails to provide any credible evidence as to if and when a negotiation of the Note to Bank of Amreica or its principal actually occurred.

11. Bank of America, if actually a servicer, has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority. Bank of America is therefore, not a creditor nor a real party in interest and has no standing to file the instant motion.

**BANK OF AMERICA LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE**

12. In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context

of our federal court system. According **F.R.Civ. Pro. 17,** *"[a]n action must be*

*prosecuted in the name of the real party in interest."* **(emphasis added)**

13. A Motion for Relief From Stay, is a contested matter, governed by F. R. Bankr. P.

9014(a), which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P.

7017 is, of course, a restatement of F. R. Civ. P. 17.

14. The Debtor avers that the *real party in interest* in a federal action to enforce a note,

whether in bankruptcy court or federal district court, is the *owner and holder* a status

acquired through negotiation, of a note. Because the actual name of the actual note

owner

and holder is not only not stated but is actually misrepresented to this Court, Bank of

America's very claim asserted via motion is defective.

15. In the case of **Deutsche Bank Nat'l Trust Co. v. Steele,** 2008 WL 111227 (S.D.

Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed

evidence in support of its motion for default judgment indicating that MERS was the

mortgage holder. There was not sufficient evidence to support the claim that Deutsche

Bank was the owner and holder of the note as of that date. In following In re

Foreclosure

Cases, 2007 WL 456586, the Court held that summary judgment would be denied "until

such time as Deutsche Bank [the movant] was able to offer evidence showing, by a

preponderance of evidence, that it owned the note and mortgage when the complaint

was

filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. Id.

16. In a decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy

Judge for the Western District of Washington cited the matter of In Re Jacobson , 19

CBN 522 (Bankr. W.D. Wash. 2009) and denied a motion filed by a servicing agent for

lack of standing because it was not brought in the name of the party who had the right

to

enforce a deed of trust and did not establish that the movant was authorized to act on

behalf of the party who had such right.

17. **In the case at bar, the claimants (this from the prior Proofs of Claim, Number 14 (PNC) and Number 15 Bank of America, in Bankruptcy Case No. 8:13-bk-14049-ES), Bank of America and/or PNC (whichever is convenient for its foreclosure mill "attorneys" to assert at the time) establishes only that it is neither the holder nor the owner of the note. Bank of America wrongly asserts that it has a beneficial interest in the specifically endorsed Note affixed to the Motion.** Without going out on a limb, the debtor predicts that Bank of America through its foreclosure mill attorneys Pite Duncan will magically produce a Note possibly

indorsed in blank offering no viable explanation for the "convenient" new endorsement appearing on the note except that the former was an "older" copy or was invisible for it was "clearly" as the foreclosure mill attorneys will point out, REDACTED, a clever (not so clever) trick to "cover" and later reveal what is then most beneficial and convenient to the proferer. This explanation does not hold water in that the attestation of foreclosure mill attorney Casey O'Donnell, Pite Duncan, and other "attorneys" associated therewith and thereto, affirmed that the copy affixed to the instant Motion was a true and correct copy of the transactional documents. **Insofar as Bank of America is a loan servicer, it cannot enforce the note in its own right**

**in that according to the information in the attached documents and the information**

**available through the NEW YORK STATE ATTORNEY GENERAL'S OFFICE CURRENTLY INVESTIGATING PNC, AND OTHER GOVERNMENTAL AGENCIES WITH ONGOING INVESTIGATIONS INTO THE SERVICING OF MORTGAGE LOANS, the loan is owned by an undetermined and heretofore undeterminable "investor" and/or through secret agreement of the parties, held by one of the government-sponsored enterprises, (GSEs), e.g., Freddie Mac, Fannie Mae, Ginnie Mae or FHLMC with which Bank of America has in place government (read taxpayer) guarantees in the event (wholly determined through PNC/Bank of America's**

**unfettered discretion and unilateral declaration) of default of the subject loan.
Bank of America has not established its relationship.**

**BANK OF AMERICA LACKS CONSTITUTIONAL STANDING TO SEEK
RELIEF IN A FEDERAL COURT**

18. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the
controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82
S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party...A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action..." Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

"Apart from this minimum constitutional mandate, this Court has recognized other limits

on the class of persons who may invoke the courts' decisional and remedial powers. ...

even when the plaintiff has alleged injury sufficient to meet the "case or controversy"

requirement, this Court has held that the **plaintiff generally must assert his own legal**

**rights and interests and cannot rest his claim to relief on the legal rights or**

**interests**

**of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603

(1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

19. The Debtor in the instant case reiterates that a party seeking relief in any Federal

Court "bears the burden of demonstrating standing and must plead its components with

specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).*

Again, the minimum constitutional requirements for standing are: proof of injury in fact,

causation, and redressability. *Valley Forge Christian College v Americans United for*

*Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to

satisfy the requirements of Article III of the United States Constitution, any claimant

asserting rights in a Federal Court must show he has personally suffered some actual

injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley*

*Forge, 454 U.S. at 472.*

20. Bank of America may only be a servicer and while a servicer may be able to bring a

claim

on behalf of its principal, it must disclose the identity of its principal to the court and set

forth a valid claim of its principal. (see generally In re Unioil 962 F 2d 988)

21. As set forth hereinabove, the Movant can make no assertions as to its own interest

in

the outcome of the instant claim it is making, nor does Movant make any mention of any

perceived injury to itself. Instead, Movant presumably seeks to redress an alleged

wrong

to what is presumed to be a third party or parties, (ie, the holder and owner of the

Debtor's Note and Mortgage) and thus the Movant in the case at bar lacks standing in a

federal court. Movant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest. The Movant has not shown that it has any stake in the ownership of the Note and Mortgage as either a holder

or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

22. **It is well anticipated that Bank of America will respond to this objection by asserting**

**that the assignment, regardless of validity, is unnecessary.**

23. The debtor further objects to the falsified document Bank of Amrica purports to be an

assignment submitted to this court in support of its attempt at a Motion for Relief from Stay is void under 11 U.S.C. §362. In fact, the so-called assignment has done little except

to create a cloud on the public record of this court proceeding by creating a discrepancy as to the chain of assignments and transfers of the note and mortgage.

24. As one Court described the bank's burden to show standing: "If the claimant is the original lender, the claimant can meet its burden by introducing evidence as to the original loan. If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant. A claimant who is the servicer must, in addition to establishing the rights of the holder, identify itself as an authorized agent for the holder." Maisel, 378 B.R. at 22 (quoting In re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).

25. Here, Bank of America (possibly as Servicer) has not demonstrated its standing to file a

claim. The documents presented show that Bank of America may be servicer but not the holder of the note and Mortgage. Accordingly, the Debtor's Objection should be

sustained and relief granted.

///

///

///

///

**WHEREFORE,** the debtor prays of the Court as follows:

A. That "Creditor's" Motion for Relief from Stay be denied;

B. That BANK OF AMERICA and/or PNC BANK/MORTGAGE be precluded from filing any amended, modified or substitute claim or further motions seeking relief from stay in this case;

C. That the Debtor have and recover against BANK OF AMERICA AND PNC BANK/MORTGAGE the sum of five hundred million dollars or such other sum to be determined by the Court in the form of actual damages;

D. That the Debtor have and recover against BANK OF AMERICA AND/OR PNC BANK/MORTGAGE a sum to be determined by the Court in the form of statutory damages;

E. That the Debtor have and recover against BANK OF AMERICA AND/OR PNC BANK/MORTGAGE one (1) quadrillion dollars or a sum to be determined by the Court for punitive damages;

F. That the Debtor have and recover against BANK OF AMERCIA AND/OR PNC BANK/MORTGAGE, a sum to be determined by the Court for all legal fees and expenses incurred; and

G. That the debtor have such other and further relief as the Court may deem just and proper.

**CONDITIONAL MOTION REQUESTING THE RECOVERY OF LEGAL FEES AND EXPENSES UNDER 28 USC 1927**

In the event the Motion for Relief From Stay is withdrawn by Bank of America at any time prior to the conclusion of the final hearing on the merits or in the event this

Court denies the Motion of BANK OF AMERICA/PNC BANK/MORTGAGE based on one

or more of the **Affirmative Defenses** pleaded herein or in the further event that the

Court denies the claim upon a finding of one or more of the following facts:

1. This Court finds that the factual contentions in the creditor's motion for relief from

stay were not based on a reasonable review of the transfer, transactional or account

records of the debtor's loan as maintained by the Master Servicer, the Primary Servicer,

the Subservicer, the Default Servicer, the Claimant, or any third-party vendor; or

This Court determines that the Motion to Vacate the Automatic Stay was filed for some

improper purpose such as to harass the debtor, generate fees (legal, servicing or

otherwise) or to cause unnecessary delay or needlessly increase the cost of this

Chapter 11

bankruptcy case

Then and in the event any one or more of such findings are made by this Court then the

debtor respectfully moves this Court pursuant to the provisions of Section 1927 of Title

28

of the United States Code for the recovery of their legal fees and expenses in a sum

equal

to twice the presumed fee or the hourly billing rate of the attorney for the debtor

($5000.00), whichever amount is greater, and for the recovery of the debtors' expenses

such as lost time from work, travel costs, telephone calls, postage, paying for bank

records, securing and paying for money orders or check tracing and confirmation

services, expenses incurred for the electronic tracing of payments and the like, from

Bank of America, its successors in interest, and/or the attorneys for the Movant.

A district court has the inherent power to assess attorney's fees against a party who has

"acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline*

*Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations

omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the

very temple of justice has been defiled," it may assess attorney's fees against the

responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580
(1946). In such instances, the imposition of sanctions "transcends a court's equitable
power concerning relations between the parties and reaches a court's inherent power to
police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without
resort to the more drastic sanctions available for contempt of court and mak[ing] the
prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v.
Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

///

///

///

**WHEREFORE,** the debtor having responded by way of Objection to Motion for Relief
from Stay filed herein for the purpose of reserving his right to hearing before the court
respectfully prays of the court as follows: A. That the debtor(s) be granted a
**preliminary**
**hearing** on all issues raised by the pleadings in this case; B. That if applicable the
claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy
Procedure
to **produce all current appraisal reports on the subject property, valuations,**
**delinquency contact reports, mortgage inspection reports, property inspection**
**reports, and all documents** prepared in connection with this loan before any court
hearing;
C. That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of
Bankruptcy Procedure to **produce a complete life of loan history of all receipts of**
**payments since the filing of this case (from the Trustee and the Debtors) and a**
**detailed summary of the application and disbursement of all such payments;**
D. That if applicable the Movant be ordered to provide the debtor with **the name,**
**address and telephone number of the current holder and owner of the mortgage**
**and**

**promissory note as provided for by Section 1641(f)(2) of Title 15 of the United States**

**Code**;

E. That if applicable the claimant provide the debtor with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, subservicer,

master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F. That if applicable the Movant be required to provide the debtor for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to

or received it from;

G. That this response be treated as a written **Request for Production of the Documents**

described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced at least ten (10) days prior to any final hearing on this motion**;

H. That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal

Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided

for herein to a period of no less than ten (10) days prior to the designated hearing date

and that the claimant be ordered to fax legible copies of said documents to the debtor or

to transmit the same by an expedited or express mail service;

I. That the court require the Movant to establish all facts in its Motion by way of live

sworn deposition testimony by qualified and competent agents and employees of the

Movant and to that extent the debtor objects to the use of any affidavits at this hearing

and will only consent to the testimony of witnesses with actual and personal knowledge

of the facts so that they can authenticate that any matter is what it is claimed to be;

J. That if applicable the motion be dismissed if the Movant fails to produce all of the

requested documents at least five (5) days before the hearing date as requested herein

and

that sanctions be awarded against the claimant in the event thereof;

K. That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020

of

the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the

name

of the real party in interest, to join necessary and mandatory parties, or to include the

Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing

Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with

the mandatory claim transfer and assignment Rules as provided by **Rule 3001(e) FRPB**

Dated this 2nd day of April, 2014

1

2

Marshall Samuel Sanders,
Pro Se Debtor and
Debtor-in-Possession.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1621 Kensing Lane
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (specify): Adversary Proceeding Complaint

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 4-3-14 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See NEF for confirmation of electronic transmission to the U.S. trustee, any Trustee in This Case, and to any attorneys who receive service by NEF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) 4-3-14 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Bank of America          PNC Bank / Mortgage
100 N. Tryon St.         3232 Newmark Dr.
Charlotte, NC 28202      Miamisburg, OH 45342

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 4-3-14 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith
411 W. Fourth St., 5th Fl. bin beside elevators
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4-3-14 | Lydia O. Sanders | |
|--------|------------------|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.