Christopher M. McDermott ( SBN 253411)
cmcdermott@piteduncan.com
Gregory P. Campbell (SBN 281732)
gcampbell@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for *Defendant*s Bank of America,
National Association, PNC Mortgage, A Division of
PNC Bank, NA, and Pite Duncan, LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MARSHALL SAMUEL SANDERS,<br><br>Debtor. | Bk. Case No. 8:14-bk-11663-ES<br><br>Chapter 11<br><br>Adv. Case No. 8:14-ap-01109-ES |
| MARSHALL SAMUEL SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA; PNC BANK; AND<br>PITE DUNCAN,<br><br>Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br><br>**Hearing**:<br>Date:   TBD<br>Time:<br>Ctrm:<br><br>Filed concurrently with:<br>Motion to Dismiss<br>Request for Judicial Notice |

*Defendants* Bank of America, National Association ("BofA"), PNC Mortgage, A Division of

PNC Bank, NA ("PNC"), and Pite Duncan, LLP ("Pite Duncan") (collectively the "Defendants")

submit the following memorandum of points and authorities in support of their Motion to Dismiss

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION .................................................................................- 2 -

II.    FACTUAL AND PROCEDURAL SUMMARY .................................................- 2 -

   A. LOAN HISTORY AND FORECLOSURE PROCEEDINGS ........................................- 2 -

   B. THE BANKRUPTCY FILINGS AND ADVERSARY COMPLAINT ...........................- 3 -

III.  ARGUMENT ......................................................................................- 6 -

   A. PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT ON

     DEFENDANTS……………………………..……………………………...-  6 -

   B. PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE PLEADING

     REQUIREMENTS OF RULE 8 ................................................................- 6 -

   D. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF

     CAN BE GRANTED .............................................................................- 7 -

     1. Legal Standard. ..........................................................................- 7 -

     2. Plaintiff's Claim that BofA Lacks Standing Fails as a Matter of Law. .......- 8 -

       *a. BofA Is Entitled to Enforce the Note* ...............................................- 10 -

         i. Holder Status ...................................................................- 11 -

       *b. Ownership of the Note* ..............................................................- 12 -

       *c. Beneficial Interest in the Deed of Trust Follows the Note.* ...................- 13 -

     3. Plaintiff's Claim for Fraud Fails. .................................................- 14 -

       *a. Plaintiff's Complaint Fails to Adequately Plead Facts to Establish a Cause of Action*

        *for Fraud* ...........................................................................- 14 -

       *b. Plaintiff Lacks Standing to Challenge the Validity of the Assignment* .................- 15 -

       *c. The Assignment to BofA is Presumptively Valid* ....................................- 16 -

     4. Plaintiff's Claim Under the California Homeowner Bill of Rights Fails.................- 17 -

     5. Plaintiff Fails to State a Claim Against Pite Duncan. ................................- 19 -

     6. Plaintiff's Claim for Violation of the Automatic Stay Fails. ......................- 20 -

     7. Plaintiff's claim for Damages Fails.................................................- 20 -

i                        CASE NO. 8:14-ap-01109-ES

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

        a. *Compensatory Damages* ........................................................................................- 21 -

        b. *Punitive Damages* .................................................................................................- 21 -

        c. *Attorneys' Fees* ....................................................................................................- 22 -

    8. Plaintiff's Claim for Sanctions Fails. .............................................................- 23 -

    9. Plaintiff's Requests Under Fed. R. Bankr. 7034 Does Not Constitute a Claim or Cause

    of Action. ...............................................................................................................- 24 -

IV.    CONCLUSION ...............................................................................................- 24 -

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 159 (3d ed. 2005) ....................................................................................................................- 8 -

*Abubo v. The Bank of New York Mellon*, 2011 WL 6011787, * 7-8 JMS-BMK (D. Haw. Nov. 30, 2011); *Velasco v. Security Nat'l Mortg. Co.*, 823 F.Supp.2d 1061, 1069 (D. Haw. 2011)..- 16 -

*Alao v. OneWest Bank, FSB*, Order, Civil No. 10-1-2746-12 (JHC) at 18 (1st Cir. Ct. Haw. Aug. 30, 2013) ...........................................................................................................- 15 -

*Allen v. Wright*, 468 U.S. 737, 750 (1984) .............................................................................- 9 -

*Almaden v. Peninsula Mortg., Inc.*, 2012 WL 6738512 at *5 (D. Haw. Dec. 31, 2012)..........- 15 -

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).....................................................- 9 -

*Anserv Insurance Services, Inc. v. Albrecht*, 192 Ariz. 48, 50 (1998)......................................- 6 -

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) .....................................................................- 8 -

*Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1159 (5th Cir.1979)..........................................- 6 -

*Au v. Republic State Mortg. Co.*, 2013 WL 2420852 at *9 (D. Haw. May 31, 2013); *Krakauer v. Indymac Mortg. Services*, 2013 WL 704773 *6 (D. Haw. Feb. 26, 2013) ...........................- 15 -

*Audio Visual Marketing Corporation v. Omni Corporation*, 545 F.2d 715, 719 (10th Cir. 1976)… .................................................................................................................- 10 -

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)......................................- 7 -

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ......................................................- 8 -

*Carpenter v. Longan,* 83 U.S. 271, 274 (1873) .......................................................................- 13 -

*Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)..........................................- 8 -

*Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862 (N.D.Cal. 2010)........................- 18 -

*Deutsche Bank Trust Co. v. Beesley*, 2012 WL 5383555 at *4 (D. Haw. Oct. 30, 2012) ........- 15 -

*Dyer,* 322 F.3d at 1193) ........................................................................................................- 21 -

*Dyer*, 322 F.3d at 1194 .........................................................................................................- 22 -

*Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988) ...............................- 7 -

*Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1215 (9th Cir. 2002)(citing *Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir. 1992))...................................- 20 -

Fed. R. Civ. P. 9 .................................................................................................- 15 -

*Federal Nat. Mortg. Ass'n Kamaku,* 2012 WL 622169 at \*3 (Feb. 23, 2012) ("as explained in Velasco v. Sec. Nat'l Mortg. Co., 823 F.Supp.2d 1061, 2011 WL 4899935, at \*4 (D. Haw. Oct. 14, 2011) ......................................................................................................- 16 -

*Fink v. Gomez,* 239 F.3d 989, 992-93 (9th Cir. 2001).........................................- 23 -

*Fink,* 239 F.3d at 992-93 ....................................................................................- 23 -

*Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 228 (9th Cir. 1989)................- 21 -

*Gonzalez v. Kangas,* 814 F.2d 1411 (9th Cir. 1987) ..........................................- 22 -

*Hefley v. Jones,* 687 F.2d 1383, 1388 (10th Cir. 1982) ......................................- 10 -

*Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003)......................................- 8 -

*In re 1601 W. Sunnyside Dr. #106, LLC,* 2010 WL 5481080, \* 6 (Bankr. D. Idaho 2010) .....- 21 -

*In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002) ...........................................- 23 -

*In re Bloom,* 875 F.2d at 228. ............................................................................- 22 -

*In re Levoy,* 182 B.R. 827, 834 (9th Cir. BAP 1995) ..........................................- 10 -

*In re Mallow Hotel Corp.,* 18 F.Supp. 869 (M.D. Pa. 1937)................................- 23 -

*In re McHenry,* 179 B.R. 165, 168 (9th Cir. BAP 1995)......................................- 22 -

*In re Rainbow Magazine,* 77 F.3d 278, 284 (9th Cir. 1996).................................- 23 -

*In re Roman,* 283 B.R. 1, 14 (9th Cir. BAP 2002)...............................................- 22 -

*In re Skyline Lumber Co.,* 311 F.Supp. 112 (W.D. Va. 1970)..............................- 10 -

*In re State Line Hotel, Inc.,* 323 B.R. 703, 710 (9th Cir. BAP 2005), *vacated on other grounds and remanded,* 242 F. App'x 460 (9th Cir. 2007)..............................................- 10 -

*In re Wiggins),* 273 B.R. 839, 880 (Bankr. D. Idaho 2001).................................- 21 -

*Mabry v. Superior Court,* 185 Cal.App.4[th] 208 (2010) .....................................- 18 -

*McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996) ......................................- 6 -

*NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986).........................- 7 -

*Perlas v. GMAC Mortg., LLC,* 187 Cal. App.4th 429, 434 (2010).......................- 14 -

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

*Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 589 (9th Cir. BAP 1995) ........................- 20 -

*Stein v. United Artists Corp.*, 691 F.2d 885, 889 (9th Cir. 1982) ...............................- 8 -

*Sternberg v. Johnston (In re Sternberg)*, 595 F.3d 937, 949 (9th Cir. 2009) ..........................21 -

*Sternberg,* 595 F.3d at 949.............................................................................- 22 -

*United States v. Butner*, 440 U.S. 48, 54-55 (1979) ....................................- 11 -

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson*, 477

U.S. at 248) ..............................................................................................- 9 -

*Walls v. Citi Bank*, 276 F.3d 502, 207 (9th Cir. 2002) ..........................................- 23 -

*Walls*, 276 F.3d at 507 ...............................................................................- 23 -

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543

U.S. 1050 (2005)........................................................................................- 8 -

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)...........................- 8 -

*Yeager v. City of San Diego*, 2007 WL 7032933, *3 (S.D.Cal. 2007) .......................................- 8 -

**Statutes**

11 § 362(k)(1) .............................................................................................- 22 -

11 U.S.C. § 101(10) .....................................................................................- 11 -

11 U.S.C. § 101(5)(A)-(B).............................................................................- 11 -

11 U.S.C. § 105 ..........................................................................................- 22 -

11 U.S.C. § 105(a) ......................................................................................- 23 -

11 U.S.C. § 362(k) ......................................................................................- 20 -

11 U.S.C. § 362(k)(1) ..................................................................................- 22 -

11 U.S.C. § 501(a) ......................................................................................- 10 -

11 U.S.C. § 502(a) ......................................................................................- 10 -

11 U.S.C. §§ 101 .......................................................................................- 10 -

11 U.S.C. §§§ 362(d)(1) ..............................................................................- 19 -

11 § 362(a)(2) ...........................................................................................- 20 -

11 § 362(a)(3) ...........................................................................................- 20 -

11 § 362(a)(4) ...........................................................................................- 20 -

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

11 § 362(a)(5) ................................................................................................................. - 20 -

11 § 362(a)(6) ................................................................................................................. - 20 -

A.R.S. § 47-9203(B) ...................................................................................................... - 13 -

A.R.S. §47-1201(27) ...................................................................................................... - 11 -

California Civil Code § 2924 ......................................................................................... - 17 -

Civil Code § 2923.5 ....................................................................................................... - 17 -

Cal Comm. Code § 3109(a)(2)...................................................................................... - 11 -

Cal. Comm. Code § 1201(31) ....................................................................................... - 17 -

Cal. Comm. Code § 1201(31). ...................................................................................... - 16 -

Cal. Comm. Code § 1201(8) ................................................................................ - 16 -, - 17 -

Cal. Comm. Code § 3308(a ........................................................................................... - 16 -

Cal. Comm. Code § 3308(a) ......................................................................................... - 17 -

Cal. Comm. Code § 3602(a) ......................................................................................... - 14 -

Cal. Comm. Code §§ 3301, 1201(a)(21)(a) ................................................................ - 12 -

Cal. Comm. Code §1201(a)(21)(a) .............................................................................. - 11 -

CCC § 2923.4(a). ........................................................................................................... - 18 -

CCC §§ 2923.5................................................................................................................ - 18 -

CCC §§ 2923.55.............................................................................................................. - 18 -

CCC §§ 2923.6................................................................................................................ - 18 -

CCC §§ 2924.11.............................................................................................................. - 18 -

CCC §§ 2924.18……………………………………………………………………… - 18 -

CCC § 3301 .................................................................................................................... - 11 -

Section 362(a)(8) ........................................................................................................... - 20 -

sections 362(a)(1) .......................................................................................................... - 20 -

**Other Authorities**

Black's Law Dictionary 445 (9th ed.2009) ................................................................... - 21 -

C. Wright & A. Miller, <u>Federal Practice & Procedure,</u> Sec. 1541, at 635 (1971)....................- 10 -

John A. Sebert, *Report of the PEB on the UCC Rules Applicable to the Assignment of Mortgage*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

*Notes and to the Ownership and Enforcement of Those Notes and the Mortgages Securing Them* (November 4, 2011), *available at* http://www.ali.org/00021333/PEB%20Report%20-%20November%202011.pdf.............................................................................- 13 -

*Restatement (Third) of Property (Mortgages)* § 5.4 (1997) ...................................- 13 -

*Restatement (Third) of Property: Mortgages* § 5.4 (1997)....................................- 13 -

**Rules**

Fed. R. Bankr. P. 7004(h) ...........................................................................- 6 -

Fed. R. Bankr. P. 7034....................................................................................- 24 -

Fed. R. Bankr. P. 9014(b) ............................................................................- 6 -

Fed. R. Bankr. P. 9014(b). ...........................................................................- 6 -

Fed. R. Civ. P. 12(b)(6) ...............................................................................- 7 -

Fed. R. Civ. P. 12(d) .........................................................................- 8 -, - 9 -

Fed. R. Civ. P. 56(c)(2) ...............................................................................- 9 -

Fed. R. Civ. P. 8(a) ....................................................................................- 6 -

Fed. R. Civ. P. 8(d) ....................................................................................- 6 -

Rule 17 of the Federal Rules of Civil Procedure .....................................- 9 -

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ...............- 10 -

Rule 7017 ...................................................................................................- 9 -

Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, or, in the alternative, for Summary Judgment.

## I.    INTRODUCTION

Marshall Samuel Sanders' ("Plaintiff") Amended Adversary Complaint ("Complaint") is premised upon erroneous legal contentions and unsupported factual allegations and is wholly without merit. Indeed, Plaintiff fails to establish any valid basis for relief. Instead, the Complaint appears to serve as an objection to Defendants' Motion for Relief from the Automatic Stay ("Motion for Relief"), *filed fourteen days after Plaintiff filed his Complaint*. Each of Plaintiff's allegations regarding standing, fraud, and violations of state law are red herrings, intended to detract attention from the fact that Plaintiff: (1) defaulted on his loan and continues to reside at the Property rent/payment free; and (2) has not established the necessary elements of his enumerated claims against Defendants. As threshold matters, Plaintiff failed to properly serve Defendants with the Complaint and Summons under applicable federal law and the Plaintiff's Complaint fails to comply with the federal pleading requirements. Plaintiff cannot otherwise state a valid claim to contest Defendants' standing to enforce the terms of the Note and other loan documents as Defendants have complied with state and federal law. Plaintiff's remaining claims have no basis in law and fact. For these reasons, explained in greater detail below, Plaintiff's Complaint must be dismissed *with prejudice*.

## II.    FACTUAL AND PROCEDURAL SUMMARY

### A.    LOAN HISTORY AND FORECLOSURE PROCEEDINGS

On June 16, 2003, Plaintiff and Lydia O Sanders (collectively the "Borrowers") obtained a mortgage loan from National City Mortgage Co dba Commonwealth United Mortgage Company ("NCM") in the original principal amount of $356,500.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 2041 Iroquois, Tustin, California 92782 (the "Property"). The Deed of Trust reflects that it was recorded in the Official Records of Orange County**,** State of California.[1] (*See* Request for Judicial Notice ("RJN"), **Exhibits A and B**). The Note is indorsed and payable in blank. PNC's records

---

[1] The Note and Deed of Trust are referred to herein as the "Subject Loan."

1    reflect that BofA holds possession of the original Note. (*See* RJN, **Exhibits A** and Real Property

2    Declaration of Angela Boddie in Support of Motion for Relief ("<u>Boddie Declaration</u>"), **Exhibit C**).

3          PNC has the contractual right and responsibility to service the Loan on BofA's behalf. As the

4    loan servicer, PNC acts as an agent for BofA and is generally responsible for the administration of

5    the Loan until the loan is paid in full, assigned to another creditor, or the servicing rights are

6    transferred. Administering the Loan includes, among other things, sending monthly payment

7    statements, collecting monthly payments, maintaining records of payments and balances, collecting

8    and paying taxes and insurance (and managing escrow and impound funds), remitting monies to

9    BofA, following up on loan delinquencies, home loan workouts and home retention programs, and

10   other general customer service functions. Further, in the event of a default under the terms of the

11   Loan, PNC is authorized by BofA and under applicable law to enforce the terms of the subject deed

12   of trust. (*See* RJN, **Exhibit C**).

13         PNC Bank, National Association is the successor in interest to National City Bank/National

14   City Mortgage, Inc., formally known as National City Mortgage Co. (*See* RJN, **Exhibit D**).

15         The beneficial interest in the Deed of Trust was assigned to BofA on August 27, 2012. (*See*

16   RJN, **Exhibit E**).

17         Cal-Western Reconveyance Corp. ("<u>Cal-Western</u>") issued a Notice of Default Under the

18   Deed of Trust ("<u>NOD</u>") on December 6, 2012, which was subsequently recorded in the Official

19   Records of Orange County, State of California. (*See* RJN, **Exhibit F**).

20         Cal-Western issued a Notice of Trustee's Sale Under Deed of Trust ("<u>NOS</u>") on October 30,

21   2013, which was subsequently recorded in the Official Records of Orange County, State of

22   California. (*See* RJN, **Exhibit G**).

23   **B.     THE BANKRUPTCY FILINGS AND ADVERSARY COMPLAINT**

24         On April 12, 2010, Plaintiff filed a prior voluntary petition under Chapter 13 of the

25   Bankruptcy Code, for the Central District of California –Santa Ana Division, and was assigned case

26   No. 8:10-bk-14682-ES. On or about April 26, 2010, said case converted to one under Chapter 7.

27   Plaintiff received a chapter 7 discharge on or about February 2, 2011, and the case subsequently

28   terminated on September 26, 2011. (*See* RJN, **Exhibit H**).

On October 20, 2011, Plaintiff filed a prior voluntary petition under Chapter 11 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case No. 8:11-bk-24594-ES. Said case was dismissed on or about August 21, 2012. (*See* RJN, **Exhibit I**).

On May 7, 2013, Plaintiff filed a prior voluntary petition under Chapter 11 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case No. 8:13-bk-14049-ES. Said case was dismissed on or about October 4, 2013. (*See* RJN, **Exhibit J**).

On December 2, 2013, Lydia Ong Sanders, one of the Borrowers under the Subject Loan, filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case No. 8:13-bk-19704-TA. Said case was dismissed on or about March 3, 2014. (*See* RJN, **Exhibit K**).

On March 18, 2014, *fifteen days after dismissal of the previous bankruptcy case*, Plaintiff filed the instant voluntary petition under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned case No. 8:14-bk-11663-ES, which is the **fifth bankruptcy case filed by the Borrowers in the last four years.** (*See* RJN, **Exhibit L**).

On April 2, 2014, Plaintiff filed an adversary case in the U.S. Bankruptcy Court for the Central District of California – Santa Ana Division, and was assigned adversary case No. 8:14-ap-01109.

On April 3, 2014, Plaintiff filed an Amended Complaint against the Defendants. Although not entirely clear, the Plaintiff's Complaint appears to contest Defendants' standing to enforce the terms of the Subject Loan and/or move for relief from the automatic stay and serves as an objection Defendants' Motion for Relief. (*See* Compl., Page 13). Notably, Plaintiff filed his Complaint before Defendants filed their Motion for Relief in the instant case. Regardless, the Complaint alleges the Assignment of the Deed of Trust filed in support of Defendants' Motion for Relief is fraudulent. (*See* Compl., Page 12). Further, the Plaintiff believes Defendants violated the automatic stay by recording the Assignment. (*See* Compl., Page 7).  In addition, the Complaint alleges that Defendants

1  violated state law by denying the Plaintiff for a loan modification. (*See* Compl., Page 3). As a result

2  of the allegations, Plaintiff requests an award of damages, sanctions attorney's fees and costs. (*See*

3  Compl., Page 19).  (*See* RJN, **Exhibit M**).

4          The Plaintiff attached a Proof of Service to the Complaint and allegedly served the Complaint

5  on Defendants by United Stated Mail at the following addresses:

6  Bank of America
   100 N. Tryon St.
7  Charlotte, NC 28202

8  PNC Bank/Mortgage
   3232 Newmark Dr.
9  Miamisburg, OH 45342

10  (*See* RJN, **Exhibit N**).

11          On April 3, 2014, a Summons was allegedly issued to Defendants. However, the Proof of

12  Service attached to the Summons fails to list any parties. (*See* RJN, **Exhibit O**).

13          BofA and PNC are federally insured depository institutions. (*See* RJN, **Exhibit P**).

14          On April 17, 2014, BofA filed its Motion for Relief from the Automatic Stay in the Plaintiff's

15  bankruptcy case due to the contractual default on the account, the lack of equity in the Property, and

16  the multiple bankruptcy filings affecting the Property. (*See* RJN, **Exhibit Q**). The Motion for Relief

17  is supported by the Boddie Declaration. The Boddie Declaration states that:

18          (1)     PNC is the authorized loan servicer for the Subject Loan on behalf of BofA;

19          (2)     PNC's records reflect that BofA is in possession of the original Note, which is

20                  indorsed and payable in blank; and

21          (3)     PNC's records reflect that the Deed of Trust was assigned to BofA. (*See* RJN,

22                  **Exhibits C and Q**).

23  /././

24  /././

25  /././

26  /././

27  /././

28  /././

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

### III.   ARGUMENT

**A.   PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT ON DEFENDANTS**

As an initial matter, the Complaint should be dismissed on the ground that Plaintiff failed to serve the Complaint in accordance with the Federal Rules of Bankruptcy Procedure. Service of a complaint in a bankruptcy case is governed by Rule 7004 of Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 9014(b). To effectuate proper service on BofA and PNC, federally insured depository institutions, Plaintiff was required to serve the Complaint via *certified mail* to the attention of an officer of the institutions. *See* Fed. R. Bankr. P. 7004(h). (*See* RJN, **Exhibit P**). The record reflects that Plaintiff failed to do so. Instead, the Proof of Service of Document filed in connection with the Complaint reflects that Plaintiff served the Complaint via *first class*, United States Mail and failed to address the mailing to the attention of an officer of BofA or PNC. (*See* RJN, **Exhibit N**). Further, although Plaintiff served BofA at its FDIC registered address, Plaintiff failed to serve PNC at its FDIC registered address. (*See* RJN, **Exhibits N and P**). Moreover, the Plaintiff altogether failed to serve Pite Duncan. (*See* RJN, **Exhibit N and O**). Finally, the Proof of Service of Document attached to the Summons fails to list any parties. (*See* RJN, **Exhibit O**).

In light of Plaintiff's improper service of the Complaint, the Court lacks *in personam* jurisdiction over Defendants. *See e.g., Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1159 (5th Cir.1979). For this reason alone, the Complaint should be dismissed.

**B.   PLAINTIFF'S   COMPLAINT   FAILS   TO   SATISFY   THE   PLEADING REQUIREMENTS OF RULE 8**

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The filing of a complaint which violates Rule 8 warrants dismissal because it creates a significant burden on a defendant to answer and on the court to decipher. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Anserv Insurance Services, Inc. v. Albrecht*, 192 Ariz. 48, 50 (1998).

As an initial matter, Plaintiff's Complaint fails to satisfy even the minimal pleading requirements of Rule 8. First, Plaintiff fails to list specific causes of actions against Defendants in clear and concise statements with numbered paragraphs to allow Defendants to determine what specific claims the Plaintiff may have against them. Second, Plaintiff rarely differentiates between the several named defendants. As a result, Defendants are unable to ascertain what specific unlawful actions they are alleged to have engaged in. Third, Plaintiff's claims are dependent on conclusory factual allegations, which, in light of the Supreme Court's holding *Iqbal* as discussed below, are not entitled to a presumption of truth. Finally, Plaintiff's allegations contain blanket assertions of wrongdoing which create an undue burden on Defendants to respond. Without more specificity and/or factual enhancement, Plaintiff's claims are deficient as pled and, therefore, the Complaint must be dismissed.

## C. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### 1. Legal Standard.

Rule 12(b) of the Federal Rules of Civil Procedure[2] provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (6) failure to state a claim upon which relief can be granted.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed

Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court passes on the legal sufficiency of the plaintiff's statement of claim. The motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988). Dismissal

---

[2] As made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

1   under Rule 12(b)(6) for failure to state a claim is proper where it is clear that no relief could be

2   granted under any set of facts that could be proved consistent with the allegations. *Cervantes v. City*

3   *of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Additionally, a Rule 12(b)(6) motion can be used

4   when the plaintiff has included allegations in the complaint that, on their face, disclose an absolute

5   defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir.

6   1997).

7        For purposes of a 12(b)(6) motion, the allegations of fact in the complaint are accepted as

8   true and construed in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*,

9   328 F.3d 1136, 1139 (9th Cir. 2003), *cert. denied*, 543 U.S. 1050 (2005). However, in ruling on a

10  Rule 12(b)(6) motion, the court need not accept as true conclusory allegations or legal

11  characterizations cast in the form of factual allegations. *Id.*; *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200

12  (9th Cir. 2003). Nor must the court "swallow the plaintiff's invective hook, line, and sinker." *Yeager*

13  *v. City of San Diego*, 2007 WL 7032933, *3 (S.D.Cal. 2007). Rather, "bald assertions, unsupportable

14  conclusions, periphrastic circumlocutions, and the like need not be credited." *Id.*  The Supreme

15  Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) confirmed the requirement that pleadings

16  must contain more than labels and unsupported conclusions. Noting that "to survive a motion to

17  dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

18  that is plausible on its face,'" the Court emphasized that conclusory allegations are not entitled to be

19  assumed true. *Id.* at 1949-52 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

20  The Court specifically concluded that the respondent's allegations were not entitled to an

21  assumption of truth and clarified that, it was "the conclusory nature of the respondent's allegations,

22  rather than their extravagantly fanciful nature, that disentitle[d] them to the presumption of truth."

23  *Ashcroft v. Iqbal*, 129 S.Ct. at 1951.

24        **2.    Plaintiff's Claim that BofA Lacks Standing Fails as a Matter of Law.**

25        On a Rule 12(b)(6) motion, whether to exclude matters outside the pleadings is a decision

26  committed to the court's discretion. *See* Fed. R. Civ. P. 12(d); *Stein v. United Artists Corp.*, 691 F.2d

27  885, 889 (9th Cir. 1982); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

28  *Procedure* § 1366, at 159 (3d ed. 2005)("as the language of [Rule 12(d)] suggests, federal courts

1    have complete discretion to determine whether or not to accept the submission of any material

2    beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it,

3    thereby converting the motion, or to reject it or simply not consider it"). Rule 12 of the Federal

4    Rules of Civil Procedure specifically provides that, when matters outside the pleadings are presented

5    to and not excluded by the court, a motion under Rule 12(b)(6) should be treated as one for summary

6    judgment. Fed. R. Civ. P. 12(d).

7        Summary judgment is appropriate if the evidence, viewed in the light most favorable to the

8    nonmoving party, demonstrates "that there is no genuine issue as to any material fact and that the

9    movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Substantive law

10    determines which facts are material and "[o]nly disputes over facts that might affect the outcome of

11    the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*

12    *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such

13    that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island*

14    *Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson*, 477 U.S. at 248).

15        The gravamen of Plaintiff's Complaint is that none of the Defendants have established

16    standing to enforce the terms of the Subject Loan and/or move for relief from the automatic stay. In

17    support of this contention, Plaintiff challenges BofA's status as the holder and/or owner of the Note.

18    Plaintiff's specifically bases his contention on his (unsupported) assertion that BofA is not in

19    possession of the Note. (*See* Compl., Page 13). Further, Plaintiff contends that BofA is not a "real

20    party in interest" within the meaning of Rule 17 of the Federal Rules of Civil Procedure, as made

21    applicable to this case by Rule 7017 of the Federal Rules of Bankruptcy Procedure. (*See* Compl.,

22    Page 14). As explained below, Plaintiff's argument is misguided.

23        Article III of the Constitution confines the federal courts to adjudicating actual "cases" or

24    "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). It requires a litigant to have standing to

25    invoke the power of a federal court. *Id.* "In essence the question of standing is whether the litigant is

26    entitled to have the court decide the merits of the dispute or of particular issues." *Id.* at 750-51

27    (citation omitted). While a creditor's filing of a proof of claim admittedly subjects a claimant to the

28    jurisdiction of the bankruptcy court, *see e.g., In re Skyline Lumber Co.*, 311 F.Supp. 112 (W.D. Va.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1    1970), it does not amount to a creditor's invocation of the court's power to decide a case or

2    controversy. To the contrary, the claim is deemed allowed if not objected to, *see* 11 U.S.C. § 502(a),

3    and an actual dispute does not arise unless and until an interested party objects to the claim. *See In re*

4    *Levoy*, 182 B.R. 827, 834 (9th Cir. BAP 1995) (noting that it is the objection which initiates a

5    contested matter governed by Fed. R. Bankr. P. 9014); *see also In re State Line Hotel, Inc.*, 323 B.R.

6    703, 710 (9th Cir. BAP 2005), *vacated on other grounds and remanded*, 242 F. App'x 460 (9th Cir.

7    2007) (declining to find that the filing of an objection to claim is akin to an answer because it is the

8    objection that initiates the contested matter).

9         Since Plaintiff is the party invoking the Court's power to decide a case or controversy, the

10    constitutional and prudential standing doctrines apply to the Plaintiff, not the Defendants. *See Hefley*

11    *v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982) (citing *Audio Visual Marketing Corporation v. Omni*

12    *Corporation*, 545 F.2d 715, 719 (10th Cir. 1976)) (real party in interest defense is for the benefit of a

13    *defendant* and should be raised in timely fashion or it may be deemed waived); C. Wright & A.

14    Miller, *Federal Practice & Procedure*, Sec. 1541, at 635 (1971) (purpose of Rule 17 is to prevent

15    multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries,

16    who would not be bound by res judicata principles). To hold otherwise would essentially eliminate

17    the presumptions established under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure with

18    respect to the *validity* of a claim filed in accordance with the Rule. It necessarily follows that

19    Plaintiff's challenge to BofA's standing fails as matter of law.

20

21                    *a        BofA Is Entitled to Enforce the Note*

22         As previously noted, the gravamen of Plaintiff's Complaint is that BofA lacks standing to

23    enforce the terms of the Subject Loan and/or move for relief from the automatic stay. Determining

24    whether this contention has merit requires an analysis of both state and federal law. Section 501 of

25    title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizes a

26    "creditor" to file a proof of claim. *See* 11 U.S.C. § 501(a). A "creditor" is defined under the

27    Bankruptcy Code as, among other things, an "entity that has a 'claim' against the debtor that arose at

28

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1    the time of or before the order for relief concerning the debtor." *See* 11 U.S.C. § 101(10). In turn, the

2    Bankruptcy Code defines "claim" as follows:

> (A)    *right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B)    right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

10    11 U.S.C. § 101(5)(A)-(B)(emphasis added). In bankruptcy proceedings, state substantive law

11    controls the rights of note and lienholders. *See United States v. Butner*, 440 U.S. 48, 54-55

12    (1979)(nature and extent of property interests in bankruptcy are determined by applicable state law).

13    Therefore, the Court must look to California law to determine whether BofA has a "right to

14    payment" under the Note.

15                                  i.    <u>Holder Status</u>

16        California has adopted the provisions of the UCC which are codified as the CCC.[3] CCC §

17    3301 provides in pertinent part:

> [The] [p]erson entitled to enforce an instrument means (a) *the holder of the instrument*, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418.

21    Cal. Comm. Code §3301 (emphasis added).[4] Section 1201 of the CCC defines "holder" as the

22    "person in possession of a negotiable instrument that is payable either to bearer or, to an identified

23    person that is the person in possession…" Cal. Comm. Code §1201(a)(21)(a). An instrument is

24    payable to the bearer if it does not state a payee. *See* Cal Comm. Code § 3109(a)(2).

---

[3] It is important to note that the CCC instructs that its provisions are to be "liberally construed and applied to promote the purpose and policies of the CCC, which are to: (1) simplify, clarify, and modernize the law governing commercial transactions; (2) to permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and (3) to make uniform the law among the various jurisdictions." *See* Cal. Comm. Code § 1103(a).

[4] The CCC defines "person" as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." Cal. Comm. Code § 1201(27).

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

In this case, the Note was originally made payable to the order of NCM. (*See* RJN **Exhibits A and C**).  The payee of an instrument may negotiate it by indorsing it and delivering it to another person, who then becomes its holder. *See* Cal. Com. Code § 3201. Section 3201 provides, in pertinent part:

(a)  "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.

(b)  Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Since the Note was originally made payable to the order of NCM, an identified party, in order to negotiate the Note, NCM was required to: (1) transfer possession of the Note; and (2) indorse the Note to the transferee or in blank. That is precisely what NCM did in this case. More specifically, subsequent to Debtor's execution of the Note, NCM negotiated the Note by indorsing the Note in blank and transferring possession of the Note to BofA. (*See* RJN **Exhibits A and C**). The Boddie Declaration filed in support of BofA's Motion for Relief reflects that pursuant to PNC's records, BofA holds possession of the original Note, which is indorsed and payable in blank by NCM. (*See* RJN **Exhibit C**). As the "person" in possession of the indorsed in blank Note, BofA qualifies as the "holder" under the CCC and, thus, is indisputably entitled to enforce the instrument as a matter of fact and law. *See* Cal. Comm. Code §§ 3301, 1201(a)(21)(a). It follows that BofA has standing to file a claim in this case and move for relief from the automatic stay to enforce the terms of the Note under applicable state law.

### b.  Ownership of the Note

Not only is BofA indisputably the "person entitled to enforce" the Note, but is it also the owner of the Note. The following three criteria that must be fulfilled in order to transfer an ownership interest in a promissory note under California law: (1) value must be given; (2) the seller must have rights in the note or the power to transfer rights in the note to a third party; and (3) either the seller must "authenticate" a "security agreement" that describes the note or the secured party must take possession of the note. *See* John A. Sebert, *Report of the PEB on the UCC Rules*

*Applicable to the Assignment of Mortgage Notes and to the Ownership and Enforcement of Those Notes and the Mortgages Securing Them* (November 4, 2011), *available at* http://www.ali.org/00021333/PEB%20Report%20-%20November%202011.pdf (discussing requirements for transfer of ownership interest in promissory note under U.C.C. § 9-203(b)); *see also* Cal. Comm. Code § 9203(b). Each of these elements has been met in this case.

First, BofA paid value for the Loan. Second, there can be no dispute that BofA's predecessors in interest – including NCM and PNC – in the Loan had the power to transfer the Loan to BofA. Finally, the record establishes that BofA took possession of the Note. (*See* RJN **Exhibit C**). In light of the foregoing, all of the elements necessary to transfer an ownership interest in a promissory note are present in this case. By virtue of its status as the holder and owner of the Note, BofA indisputably has standing to enforce the terms of the Subject Loan and move for relief from the automatic stay to protect its interests in the collateral.

      *c.*     *Beneficial Interest in the Deed of Trust Follows the Note.*

It is well established that the transfer of a note secured by a deed of trust carries with it the security, without any formal assignment or delivery, or even mention of the latter. *Carpenter v. Longan*, 83 U.S. 271, 274 (1873) (stating that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it"). It follows that "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation that the mortgage secures." *Restatement (Third) of Property (Mortgages)* § 5.4 (1997) (citing *Carpenter*, *supra*). Indeed, a recorded assignment of mortgage is not legally required to enforce the obligations of a note and mortgage. As noted in *Restatement (Third) of Property: Mortgages* § 5.4 (1997):

    (a)    A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise;

    (b)    Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise;

    (c)    A mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures.

- 13 -            CASE NO. 8:14-ap-01109-ES

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1    In this case, the Note is the obligation that is secured by the Deed of Trust. Pursuant to

2    Supreme Court precedent, any transfer of the Note necessarily carries with it the security, without

3    the need for any formal assignment. As previously discussed, BofA qualifies as the Note holder with

4    standing to enforce the instrument. Accordingly, BofA is the party entitled to enforce the Deed of

5    Trust, regardless of whether there was any formal assignment of the beneficial interest in the Deed

6    of Trust. In this case, an Assignment was executed transferring all beneficial interest under the Deed

7    of Trust to BofA.  (*See* RJN, **Exhibit C and E**).

8    In sum, BofA has standing to enforce the terms of the Subject Loan because it has a right to

9    payment under the Note as the "holder." As such, it is indisputably entitled to payments under the

10   Note. *See* Cal. Comm. Code § 3602(a)(providing that "an instrument is paid to the extent payment is

11   made…to a *person entitled to enforce the instrument*.")(emphasis added). Moreover, although not

12   required, a valid Assignment was executed transferring beneficial interest under the Deed of Trust to

13   BofA. Accordingly, Plaintiff's claim challenging BofA's standing to enforce the Note fails and the

14   Complaint should be dismissed.

15       **3.      Plaintiff's Claim for Fraud Fails.**

16   The Plaintiff's Complaint attempts to discredit the authenticity of the Assignment of Deed of

17   Trust to BofA and describes the document as "fraudulent." (*See* Compl., Page 12). Plaintiff's focus

18   on the authenticity of the Assignment is misguided for several reasons.

19

20       *a.      Plaintiff's Complaint Fails to Adequately Plead Facts to Establish a Cause
            of Action for Fraud*

21   To establish a claim for fraud, the Plaintiff must prove:

22
23   (1) the defendant represented to the plaintiff that an important fact was true; (2) that
     representation was false; (3) the defendant knew that the representation was false
24   when defendant made it, or the defendant made the representation recklessly and
     without regard for its truth; (4) the defendant intended that the plaintiff rely on the
25   representation; (5) the plaintiff reasonably relied on the representation; (6) the
     plaintiff was harmed; and (7) the plaintiff's reliance on defendant's representation was
26   a substantial factor in causing the harm to the plaintiff.

27   *Perlas v. GMAC Mortg., LLC*, 187 Cal. App.4th 429, 434 (2010). Each element in a cause of action

28   for fraud must be factually and specifically alleged; generally and conclusory allegations do not

1  suffice. *Id.*; Fed. R. Civ. P. 9. In a fraud claim against a corporation, a plaintiff must allege the

2  names of the persons who made the misrepresentations, their authority to speak for the corporation,

3  to whom they spoke, what they said or wrote, and when it was said or written. *Id.*

4    Plaintiff's claim for fraud appears to be premised upon alleged improprieties in the execution

5  of the Assignment of the Deed of Trust. (*See* Compl., Page 12). Plaintiff fails to plead each element

6  for fraud with specificity. Indeed, Plaintiff fails to set forth the specific alleged misrepresentations,

7  who specifically is alleged to have made them, when they were made, and how the alleged

8  misconduct harmed Plaintiff. Plaintiff otherwise fails to allege sufficient facts to establish each

9  required element for a claim for fraud. Based upon the foregoing, Plaintiff's claim for fraud must be

10  dismissed.

11    *b.*    *Plaintiff Lacks Standing to Challenge the Validity of the Assignment*

12    As discussed above, the Plaintiff failed to plead any facts to establish a cause of action for

13  fraud. In addition, the Plaintiff lacks standing to contest the validity of the Assignment as the

14  Plaintiff was not a contracting party to the Assignment and/or the third party beneficiary to the

15  Assignment. *See e.g., Alao v. OneWest Bank, FSB*, Order, Civil No. 10-1-2746-12 (JHC) at 18 (1st

16  Cir. Ct. Haw. Aug. 30, 2013) ("Plaintiffs lack standing to object to the Assignment on the ground

17  that the Assignment was fraudulently executed.  Allegations of fraud or that a party lacked authority

18  to enter into a contract make a contract voidable, not void.  As to a voidable contract, only the

19  parties who made the contact can seek avoidance of the contract.") (citations omitted); *Au v.*

20  *Republic State Mortg. Co.*, 2013 WL 2420852 at *9 (D. Haw. May 31, 2013); *Krakauer v. Indymac*

21  *Mortg. Services*, 2013 WL 704773 *6 (D. Haw. Feb. 26, 2013) ("Plaintiffs lack standing to

22  challenge the validity of the assignments from FDIC as Receiver for IndyMac to OneWest because

23  Plaintiffs are not a party to the assignments.") (citations omitted); *Almaden v. Peninsula Mortg.,*

24  *Inc.*, 2012 WL 6738512 at *5 (D. Haw. Dec. 31, 2012) (the borrower "is barred from challenging the

25  validity of the assignment because she was not a party to the contract nor a third party intended

26  beneficiary") (citations omitted); *Deutsche Bank Trust Co. v. Beesley*, 2012 WL 5383555 at *4 (D.

27  Haw. Oct. 30, 2012) ("This court has held on numerous occasions that borrowers like the Beesleys

28  generally lack standing to challenge the assignments of their loans") (citations omitted); *Federal*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1   *Nat. Mortg. Ass'n Kamaku*, 2012 WL 622169 at *3 (Feb. 23, 2012) ("as explained in *Velasco v. Sec.*

2   *Nat'l Mortg. Co.,* 823 F.Supp.2d 1061, 2011 WL 4899935, at *4 (D. Haw. Oct. 14, 2011), a

3   borrower cannot challenge an assignment that he was not a party to . . ."); *Abubo v. The Bank of New*

4   *York Mellon*, 2011 WL 6011787, * 7-8 JMS-BMK (D. Haw. Nov. 30, 2011); *Velasco v. Security*

5   *Nat'l Mortg. Co.*, 823 F.Supp.2d 1061, 1069 (D. Haw. 2011) (borrowers did "not have standing to

6   challenge the validity of the terms of the Assignment since they were neither parties nor intended

7   third-party beneficiaries to that contract.").

8          The instant Assignment was executed by PNC Bank, National Association by Cal-Western

9   Reconveyance Corporation as Attorney in Fact and transferred the beneficial interest in the Deed of

10  Trust to Bank of American, NA. (*See* RJN **Exhibit E**). As a result, the Plaintiff was not a party to

11  agreement and lacks standing to challenge the validity of the Assignment. Accordingly, the

12  Plaintiff's claim for fraud fails and must be dismissed.

13                *c.*      *The Assignment to BofA is Presumptively Valid*

14         As discussed above, the Plaintiff failed to plead any facts to contest the validity of the

15  Assignment to support an action for fraud. Further, under applicable state law, the Assignment is

16  presumptively valid.

17         The CCC provides, in pertinent part:

18              In an action with respect to an instrument, the authenticity of, and
                authority to make, each signature on the instrument is admitted unless
19              specifically denied in the pleadings. If the validity of a signature is
                denied in the pleadings, the *burden of establishing* validity is on the
20              person claiming validity, but the signature is *presumed* to be
                authentic and authorized unless the action is to enforce the liability of
21              the purported signer and the signer is dead or incompetent at the time
                of trial of the issue of validity of the signature…
22

23  Cal. Comm. Code § 3308(a)(emphasis added). "Burden of establishing" means "the burden of

24  persuading the triers of fact that the existence of the fact is more probable than its non-existence."

25  Cal. Comm. Code § 1201(8). "Presumed" means "that the trier of fact must find the existence of the

26  fact presumed unless and until evidence is introduced which would support a finding of its non-

27  existence." Cal. Comm. Code § 1201(31).

28  /./.

The evidentiary presumption prescribed by section 3308(a) is applicable in this case. *See* Cal. Comm. Code § 3308(a)("If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer."). Stated another way, the signature on the Assignment is presumptively authentic and authorized and Plaintiff has the burden of introducing evidence that would support a finding that it was not. *See* Cal. Comm. Code § 1201(31). He cannot satisfy this burden.

In short, there can be no material dispute regarding the authenticity of the Assignment or the authority to sign the document. On the contrary, the evidence submitted herewith establishes that the executor of the Assignment was authorized to sign the instrument in her capacity as a AVP of PNC Bank, National Association by Cal-Western Reconveyance Corporation as Attorney in Fact . (*See* RJN **Exhibit E**). Certainly this evidence establishes, at the very least, that it is more probable than not that the signature is authorized and authentic. This is all that is required under the CCC, even if Plaintiff were to satisfy his burden of rebutting section 3308(a)'s evidentiary presumption. *See* Cal. Comm. Code § 1201(8). As a result, Plaintiff's challenge to the authenticity of the Assignment is baseless.

### 4.    Plaintiff's Claim Under the California Homeowner Bill of Rights Fails.

Although Plaintiff's Complaint fails to identify a specific claim under the California Homeowner Bill of Rights, Plaintiff alleges that Defendants violated the California Homeowner's Bill of Rights for failing to provide Plaintiff with a decision on his loan modification application. *See* Compl., Page 4. The statute became effective January 1, 2013. As a result, Defendants submit the following analysis to dispose of these allegations. California Civil Code § 2923.5 requires mortgagees, trustees, beneficiaries, or authorized agents to contact a borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure at least thirty (30) days prior to recording a notice of default pursuant to California Civil Code § 2924. Further, CCC § 2923.5  prohibits a lender from recording foreclosure documents

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

while a "complete" first lien loan modification application is pending, during any applicable appeal period following initial denial of the application, or while the borrower is in compliance with an approved loan modification agreement (known as "dual tracking"). *See* CCC §§ 2923.5, 2923.55, 2923.6, 2924.11, 2924.18. Consumers are not afforded the right to receive a foreclosure prevention alternative under the California Homeowner's Bill of Rights, but simply the opportunity to explore with their mortgage servicer any available alternatives. CCC § 2923.4(a).

The Plaintiff's Complaint alleges that Plaintiff has duly applied for a loan modification, but not once has debtor received a 'decision' . . . in violation of the California Homeowner's Bill of Rights." (*See* Compl., Pages 3-4). Further, the Complaint alleges that Plaintiff attempted to obtain a loan modification from NCM and later PNC between October 2009 and the beginning of 2010. (*See* Compl., Page 3). The Notice of Default in the instant case was recorded on December 12, 2012, prior to the effective date of the Homeowner's Bill of Rights. (*See* RJN **Exhibit F**). Based on the allegations contained in the Complaint, it appears the Plaintiff attempted to obtain a loan modification in 2009. (*See* Compl., Pages 3-4).

First, the Notice of Default was recorded in 2012, prior to the effective date of the California Homeowner's Bill of Rights. (*See* RJN **Exhibit F**). Second, the Complaint alleges the Plaintiff applied for a loan modification in 2009 and early 2010, prior to the effective date of the California Homeowner's Bill of Rights. (*See* Compl., Pages 3-4).Third, the Complaint fails to plead facts sufficient to indicate Defendants did not explore options for the Plaintiff to avoid a foreclosure prior to recording a notice of default. Defendants were under no obligation to modify Plaintiff's loan. Under California law, the non-judicial foreclosure procedure does not require that a lender modify a defaulting borrower's loan; instead, it contemplates contact with the borrower and some analysis of the borrower's financial situation before the lender may file a notice of default. *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862 (N.D.Cal. 2010). As a result, it is clear that Defendants were under no obligation to modify Plaintiff's loan and Plaintiff has otherwise failed to plead facts that indicate Defendants did not comply with § 2923.5. Furthermore, a borrower's remedy for a violation of California Civil Code § 2923.5 is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with the statute. *Mabry v. Superior Court*, 185

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Cal.App.4th 208 (2010). Based upon the foregoing, the court must dismiss Plaintiff's claim that Defendants violated the California Homeowner's Bills of Rights.

### 5. Plaintiff Fails to State a Claim Against Pite Duncan.

Plaintiff fails to allege any valid claim for relief against Pite Duncan. The Plaintiff's allegations against Pite Duncan focus on Pite Duncan's filing of the Motion for Relief, which Plaintiff alleges contains "false representations . . . when there is no evidentiary support for the allegations." (*See* Compl., Page 8). Further, the Complaint alleges that Pite Duncan attested to the truth and accuracy of the copy of the Note and the copy of the indorsement, but Plaintiff avers that Pite Duncan did not personally inspect the note and is not in possession of the note. (*See* Compl., Page 8-9).

First, Pite Duncan never attested to a personal inspection of the Note. Nor did Pite Duncan declare that it is in possession of the Note. Indeed, Plaintiff appears to confuse the Boddie Declaration signed by PNC in support of the Motion for Relief with the Motion for Relief itself. The Boddie Declaration states that: (1) PNC is the authorized loan servicer for the Subject Loan on behalf of BofA; (2) PNC's records reflect that BofA is in possession of the original Note, which is indorsed and payable in blank; and (3) PNC's records reflect that the Deed of Trust was assigned to BofA. (*See* RJN, **Exhibit C**). Nowhere does Pite Duncan allege that it personally inspected the Note and attests to the authenticity thereof. Indeed, Plaintiff's allegations against Pite Duncan are nothing more than unsupported allegations, which are not entitled to a presumption of truth.

Pite Duncan received authorization from PNC to file the Motion for Relief after PNC produced information indicating that the Subject Loan was in default. Further, Pite Duncan received the Boddie Declaration from PNC, signed under penalty of perjury, attesting to the factual allegations contained in the Motion for Relief. (*See* RJN, **Exhibit C**). Upon review of the factual information and legal documentation provided by PNC, Pite Duncan determined cause existed to move for relief from stay under 11 U.S.C. §§§ 362(d)(1), (2), and (4). Filing a Motion for Relief for cause is not illegal. Moreover, Pite Duncan had no reason to believe that any of the information or documents provided by PNC were inaccurate or fraudulent and Plaintiff has failed to present any evidence to the contrary. Certainly, Plaintiff's over-broad allegations regarding Pite Duncan's role in

1   the filing of "fraudulent" documents falls well short of providing Pite Duncan with the requisite

2   notice required by Rule 8 as discussed more fully below. Based upon the foregoing, all of Plaintiff's

3   claims against Pite Duncan must be dismissed.

4      **6.  Plaintiff's Claim for Violation of the Automatic Stay Fails.**

5         Plaintiff's Complaint alleges that Defendants violated the automatic stay by recording the

6   Assignment of the Deed of Trust. (*See* Compl., Page 7). Even if the Assignment was recorded after

7   Plaintiff commenced a bankruptcy case, the act did not violate any provision of section 362(a). To

8   the contrary, the execution and recordation of the Assignment did not constitute the commencement

9   or continuation of an action against or an attempt to enforce a judgment against Plaintiff within the

10  meaning of sections 362(a)(1) or 362(a)(2) of the Bankruptcy Code. Nor did it amount to an act to

11  obtain possession of property of the estate, or to create, perfect, or enforce a lien against property of

12  the estate, as prohibited by sections 362(a)(3) and 362(a)(4) of the Bankruptcy Code. Similarly, the

13  Assignment of the Deed of Trust cannot be construed as an act to create, perfect, or enforce a lien

14  against property of Plaintiff within the meaning of section 362(a)(5) of the Bankruptcy Code. It also

15  does not constitute an act to collect, assess, or recover a claim against Plaintiff, or an attempt to

16  setoff a debt owing to Plaintiff that arose before the filing of this case. Thus, sections 362(a)(6) and

17  362(a)(7) of the Bankruptcy Code are inapplicable. Section 362(a)(8) does not apply in this case

18  because the execution and recordation of the Assignment did not commence a proceeding before the

19  United States Tax Court. In short, Plaintiff cannot establish that Defendants violated the automatic

20  stay by executing and recording the Assignment. Accordingly, Plaintiff's claim for violation of the

21  automatic stay must be dismissed.

22     **7.  Plaintiff's claim for Damages Fails.**

23        Section 362(k) of the Bankruptcy Code provides, in pertinent part, that "an individual injured

24  by a *willful* violation of a stay provided by this section shall recover actual damages, including costs

25  and attorneys' fees, and in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C.

26  § 362(k)(emphasis added). "A willful violation is satisfied if a party knew of the automatic stay, and

27  its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210,

28  1215 (9th Cir. 2002)(citing *Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1992)). Once a creditor has knowledge of the bankruptcy, it is deemed to have knowledge of the

automatic stay. *Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 589 (9th Cir. BAP 1995). Punitive

damages under section 362(k) are not warranted absent some showing of reckless or callous disregard

for the law or the rights of others. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir.

1989).

> a.    *Compensatory Damages*

Even if the Court were to determine that recording the Assignment of the Deed of Trust

violated the automatic stay, Plaintiff has not established that he is entitled to damages. The Ninth

Circuit has held that, in stay violation settings, a debtor is entitled to recover only the "proven

injury…resulting from the stay violation itself." *See Sternberg v. Johnston* (*In re Sternberg*), 595

F.3d 937, 949 (9th Cir. 2009). This same standard applies to a section 105(a) civil contempt motion.

*See In re 1601 W. Sunnyside Dr. #106, LLC,* 2010 WL 5481080, * 6 (Bankr. D. Idaho 2010)

("Compensatory damages are recoverable by a debtor for a creditor's stay violation under a § 105(a)

civil contempt motion.") (citing *Dyer,* 322 F.3d at 1193). "'Compensatory damages' include those

damages that are 'sufficient in amount to indemnify the injured person for the loss suffered,'

essentially placing the injured party in as good a position as it would have been in absent violation."

*Id.* (quoting Black's Law Dictionary 445 (9th ed.2009)).

In order to recover, the party asserting compensatory damages must specifically prove not

only the right to damages, but also the amount of damages. *Id.* (citing *Wiggins v. Peachtree*

*Settlement Funding (In re Wiggins)*, 273 B.R. 839, 880 (Bankr. D. Idaho 2001)). The existence and

amount of damages must be based upon more than mere conjecture. *Id.* (citations omitted).

The Complaint requests actual damages in the sum of five hundred million dollars. (*See*

Compl., Page 19). As discussed above, Plaintiff has failed to prove that Defendants violated the

automatic stay. Further, even if Defendants actions violated the automatic stay, Plaintiff has failed to

plead any facts to prove he suffered an injury resulting from the stay violation itself. Finally, the

Complaint is completely devoid of any facts substantiating the amount of the requested compensatory

damages. Accordingly, Plaintiff's claim for compensatory damages fails and must be dismissed.

> b.    *Punitive Damages*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1    Like his claim for compensatory damages, Plaintiff's request for punitive damages in the sum

2 of one quadrillion dollars is unavailing. (*See* Compl., Page 19). While section 362(k) authorizes an

3 award of punitive damages in appropriate circumstances, *see* 11 U.S.C. § 362(k)(1), a bankruptcy

4 court is not authorized to impose punitive sanctions under the contempt authority of section 105(a)

5 for an automatic stay violation. *See Dyer*, 322 F.3d at 1194; *see also In re Roman*, 283 B.R. 1, 14 (9th

6 Cir. BAP 2002). Even if punitive sanctions were authorized by section 105(a), Plaintiff would still

7 not be entitled to such an award. Put simply, punitive damages are not warranted where a claimant,

8 like Plaintiff, has failed to establish a right to recover actual damages. *See e.g., In re McHenry*, 179

9 B.R. 165, 168 (9th Cir. BAP 1995)(noting that punitive damages should not be awarded in the

10 absence of actual damages). There is otherwise no evidence that Defendants acted with a reckless or

11 callous disregard for Plaintiff's rights, a necessary prerequisite to recovering punitive damages. *See*

12 *e.g., In re Bloom*, 875 F.2d at 228. Based on the foregoing, Plaintiff's claim for punitive damages

13 fails and must be dismissed.

14    c.    *Attorneys' Fees*

15    In complete disregard of the law in this circuit, Plaintiff claims to be entitled to attorney's fees

16 and expenses incurred in preparing his Complaint. Contrary to Plaintiff's contention, the Ninth

17 Circuit has determined that "actual damages" under section 362(k) do not include attorney's fees

18 incurred in prosecuting an action to obtain damages. *See Sternberg,* 595 F.3d at 949 (Once a stay

19 violation has been remedied, "any fees the debtor incurs after that point in pursuit of a damage award

20 would not be to compensate for 'actual damages' under § 362(k)(1)."). Thus, Plaintiff is not entitled,

21 as a matter of law, to an award of attorneys' fees for prosecuting his Complaint. This is the case even

22 if the Court were to construe Plaintiff's request under section 105(a). *See Id.* at 947 ("Under the

23 American Rule, a plaintiff cannot ordinarily recover attorney fees spent to correct a legal injury as

24 part of his damages, even though it could be said he is not made whole as a result.") (citation

25 omitted). Moreover, the Ninth Circuit has expressly held that a pro se litigant is not entitled to the

26 recovery of his or her attorneys' fees and costs absent express statutory authority to the contrary. *See*

27 *Gonzalez v. Kangas*, 814 F.2d 1411 (9th Cir. 1987). As a result, Plaintiff's claim for attorneys' fees

28 fails and must be dismissed.

**8.  Plaintiff's Claim for Sanctions Fails.**

Pursuant to 11 U.S.C. § 105, the court is empowered with discretion to take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a). Section 105(a) authorizes *only* such remedies as are *necessary and appropriate* to carry out the provisions of Bankruptcy Code. *See Walls v. Citi Bank*, 276 F.3d 502, 207 (9th Cir. 2002) (emphasis added). Because the remedies associated with compensatory civil contempt are adequate to meet the goal of § 105(a), no further remedy is necessary. *Id.* In a civil contempt proceeding, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002). However, civil penalties must either be compensatory or designed to coerce compliance. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-38 (9th Cir. 2001). Indeed the power of the bankruptcy court to contemn should be exercised sparingly so long as justice can be done. *In re Mallow Hotel Corp.*, 18 F.Supp. 869 (M.D. Pa. 1937). Criminal contempt sanctions are not available under § 105(a) as the provision contains no explicit grant of authority to award punitive damages. Rather, the language of § 105(a) authorizes *only* those remedies *necessary* to enforce the Bankruptcy Code. *Walls*, 276 F.3d at 507.

In extreme cases, where conduct rises to the level of bad faith, the bankruptcy court may also impose sanctions under its inherent sanction authority. *In re Rainbow Magazine*, 77 F.3d 278, 284 (9th Cir. 1996). The inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics. *Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001). "The inherent sanction authority differs from the civil contempt authority in an additional respect as well. Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct . . . [which] consists of something more egregious than mere negligence or recklessness." *Id* at 993-94.

The Plaintiff has failed to demonstrate that Defendants engaged in clearly frivolous or legally unreasonable conduct to warrant sanctions. Defendants have not engaged in vexatious conduct, nor have they willfully violated an order of the court to warrant the extreme and extraordinary remedy of court-ordered sanctions. Before imposing sanctions under its inherent sanctioning authority, a court

1    must make an explicit finding of bad faith or willful misconduct . . . [which] consists of something

2    more egregious than mere negligence or recklessness." *Fink*, 239 F.3d at 992-93. Plaintiff has failed

3    to meet his burden that sanctions are justified. Accordingly, Plaintiff's claim for sanctions fails and

4    must be dismissed.

5

6    **9.    Plaintiff's Requests Under Fed. R. Bankr. 7034 Does Not Constitute a Claim or Cause of Action.**

7        The Complaint includes provisions, which may be construed as Requests for Production of

8    Documents under Fed. R. Bankr. P. 7034. (*See* Compl., Pages 21-23). Defendants will consider the

9    Plaintiff's discovery requests and respond as appropriate under the Federal Rules of Bankruptcy

10    Procedure. However, the requests for production of documents do not constitute a separate claim or

11    cause of action against Defendants. Accordingly, the court should disregard the Plaintiff's Requests

12    for Production of Documents as unrelated to the Plaintiff's claims against Defendants.

13

14

15                                      **IV. CONCLUSION**

16        For the reasons set forth above, Plaintiff's Complaint must be dismissed, *with prejudice*.

17        **WHEREFORE**, Defendants respectfully request:

18        1.        That this court grant Defendants' Motion to Dismiss, *with prejudice*;

19        2.        Reasonable attorneys' fees and costs; and

20        3.        Such other relief as the court deems just and proper.

21

22                                      Respectfully submitted,

23                                      **PITE DUNCAN, LLP**

24    Dated: May 5, 2014                 /s/ *Gregory P. Campbell*
                                         GREGORY P. CAMPBELL
25                                       Attorneys for *Defendants* Bank of America,
                                         National Association, PNC Mortgage, A Division
26                                       of PNC Bank, N.A. and Pite Duncan, LLP

27

28